IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF WEST VIRGINIA

UNITED STATES OF AMERICA,

v.  Criminal No. 1:05cr35

DAVID HICKS,
        Defendant.

## ORDER/OPINION

On the 24th day of August 2006, came the defendant, David Hicks, in person and by his counsel, L. Richard Walker, and also came the United States by its Assistant United States Attorney, Shawn Angus Morgan, pursuant to a Petition for Warrant or Summons for Offender Under supervision filed in this case on August 1, 2006, alleging Defendant:

1) Violated the Standard Condition that he notify the Probation Officer within 72 hours of being arrested or questioned by a law enforcement officer, in that the defendant failed to advise his Probation Officer that he had been questioned by the Martins Ferry, Ohio Police Department during the course of a traffic stop on May 12, 2006.

2) Violated the Standard Condition that he report to the Probation Officer and submit a truthful and complete written report within the first five days of each month, in that he failed to report as instructed to the Probation Office on May 24, 2006.

3) Violated the General Condition that he not commit another federal, state or local crime or illegally possess a controlled substance;

Violated the Standard Condition that he refrain from excessive use of alcohol and not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substance, except as prescribed by a physician;

1

Violated the Standard Condition that he not frequent places where controlled substances are illegally sold, used, distributed, or administered; and

Violated the Special Condition that he abstain from the use and possession of illegal controlled substances while on supervised release, in that on July 5, 2006, Defendant provided a urine specimen which tested positive for cocaine. Defendant admitted to using cocaine on July 3, 2006.

4) Violated the Standard Condition that he report to the Probation Officer and submit a truthful and complete written report within the first five days of each month, in that he failed to report as instructed to the Probation Office on July 26, 2006, and had not yet addressed the missed appointment with his Probation Officer.

Prior to the taking of evidence, counsel for Defendant orally and in writing signed in open court waived the preliminary hearing thereby conceding probable cause existed to forward this revocation matter to Chief United States District Judge Irene M. Keeley for hearing and disposition.

Upon consideration of all which, the Court finds there is probable cause to believe that the defendant violated the conditions of his supervised release as alleged in the Petition for Warrant or Summons for Offender Under Supervision filed August 1, 2006.

Defendant then orally moved the Court for an order releasing him from the custody of the U.S. Marshal pending the hearing before District Judge Keeley asserting by way of proffer that:

1: The underlying case for which he was originally sentenced was for misprision of a felony, a Class E felony;

2: The maximum sentence for that offense was three years;

3: Defendant faces a maximum of three months in prison for the supervised release

violations;

4: While on supervised release Defendant was doing "quite well," considering he was an individual who had been incarcerated a majority of his adult life;

5: Defendant was renting his own apartment and paid his own rent and bills, including phone and cable;

6: Defendant had a job at Wendy's;

7: Defendant was going to mental health/substance abuse counseling;

8: Defendant had lived for many years in the Wheeling area and had many family members living in that area;

9: Defendant fears losing his apartment and belongings if incarcerated;

10: Defendant did not receive actual notice of the two appointments with his Probation Officer that make up violations 2 and 4;

11: The misprision of felony conviction was based on his failure to return to the halfway house to which he was designated at the end of a prior sentence;

12: Defendant informed either his Probation Officer or the U.S. Marshal that he "could not come back" to the halfway house; and

13: Defendant was not alleged to have committed any offense during the traffic stop which is the subject of violation 1.

The United States objected to Defendant's being released on conditions pending a hearing before District Judge Irene Keeley. The government offered the testimony of Defendant's Probation Officer Jeffery Wilkinson, who had also supervised Defendant prior to his previous revocation. Mr. Wilkinson testified as to the violations alleged in the Petition. He also testified that Defendant had

been revoked previously due to three drug tests that were positive for cocaine use and his admission that he used alcohol. Mr. Wilkinson conceded that Defendant may not have received actual notice of the two appointments at issue in 2 and 4, but the notices were mailed and delivered to the address Defendant had provided, and Defendant never advised him he had changed his address or could not receive mail there. Mr. Wilkinson further testified that Defendant was arrested on Domestic Violence charges on August 6, 2006, which charges were still pending. Mr. Wilkinson testified that Defendant had failed to be compliant with his Conditions of Supervised Release.

Based on the above, the Court finds Defendant has not met the burden of establishing the necessary requisites for release. Therefore, for reasons apparent to the court and stated on the record, Defendant's motion to be released pending hearing before Judge Keeley is **DENIED**.

It is therefore **ORDERED** that the defendant be bound over for a full hearing before the Honorable Irene M. Keeley, Chief United States District Judge for the Northern District of West Virginia on the violations alleged in the Petition for Warrant or Summons for Offender Under Supervision filed August 1, 2006.

It is further **ORDERED** that Defendant be remanded to the custody of the United States Marshal pending further proceedings herein.

The clerk of the court is directed to send a copy of this order to counsel of record.

DATED: August 25, 2006

/s *John S. Kaull*
JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE